IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JAMES SMITH, | : | |
|     Plaintiff | : | |
| | : | No. 1:21-cv-00438 |
|     v. | : | |
| | : | (Judge Rambo) |
| RICKY SHERMAN, SCI HOUTZDALE, and FRANKLIN CORRECTIONAL FACILITY, | : : : | |
|     Defendants. | : | |

## MEMORANDUM

**I.   BACKGROUND**

This *pro se* civil rights action brought pursuant to 42 U.S.C. § 1983 was filed by Plaintiff James Smith, a state prisoner presently incarcerated at the State Correctional Institution at Houtzdale, in Houtzdale, Pennsylvania. In the complaint, Plaintiff names as defendants Inmate Rickey L. Sherman, SCI Houtzdale, and the Franklin Correctional Facility. (Doc. 1 at 1.) Plaintiff alleges that over the past few months, Defendant Sherman has been sending him love letters. (*Id.* at 4.) Plaintiff has requested that Defendant Sherman stop, however he has not stopped. (*Id.*) Plaintiff describes this as harassment and a violation of the Eighth Amendment. (*Id.* at 5.)

**II.   STANDARD OF REVIEW**

Sections 1915(e)(2) and 1915A require a court to review complaints prior to service in cases in which a plaintiff is proceeding *in forma pauperis* and in which a

1

plaintiff is incarcerated.  *See* 28 U.S.C. §§ 1915(e)(2), 1915A.  The Court must *sua sponte* dismiss any claim that is frivolous, is malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  This action is subject to *sua sponte* screening for dismissal under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A because Plaintiff is proceeding *in forma pauperis* and is also incarcerated.

To survive *sua sponte* screening for failure to state a claim, the complaint must allege "sufficient factual matter" to show that the claim is facially plausible. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009).  "'A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'"  *Fair Wind Sailing, Inc. v. Dempster*, 764 F.3d 303, 308 n.3 (3d Cir. 2014) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).  "[A] pleading that offers 'labels or conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'"  *Iqbal*, 556 U.S. at 678 (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  In determining whether a complaint states a plausible claim for relief, this Court must "accept all factual allegations in the complaint as true and draw all reasonable inferences in the plaintiff's favor." *Alpizar-Fallas v. Favero*, 908 F.3d 910, 914 (3d Cir. 2018).

### III.  DISCUSSION

Plaintiff has brought his claim pursuant to 42 U.S.C. § 1983, which provides in pertinent part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

"To establish a claim under 42 U.S.C. § 1983, [a plaintiff] must demonstrate a violation of a right secured by the Constitution and the laws of the United States [and] that the alleged deprivation was committed <u>by a person acting under color of state law</u>." *Moore v. Tartler*, 986 F.2d 682, 685 (3d Cir. 1993) (emphasis added).

Relevant here, prisons and jails are not "persons" for the purposes of a § 1983 action.  *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989); *Slagle v. County of Clarion*, 435 F.3d 262, 264 n.3 (3d Cir. 2006) (observing that county jail dismissed as a defendant because it is not a "person" under federal civil rights law).  In addition, as a private individual, Defendant Inmate Sherman was not acting "under color of state law" when he allegedly sent Plaintiff love letters.  Furthermore, words—even verbal threats—alone are insufficient to violate the Eighth Amendment.  *See Robinson v. Taylor*, 204 F. App'x 155, 156 (3d Cir. 2006) ("It is well settled that verbal harassment of a prisoner . . . does not violate

3

the Eighth Amendment."). While receiving "love letters" from another inmate may be annoying, it is not a violation of the Eight Amendment, and Plaintiff has thus failed to allege an Eighth Amendment claim that could be brought pursuant to § 1983.[1]

Generally, "plaintiffs who file complaints subject to dismissal under Rule 12(b)(6) should receive leave to amend unless amendment would be inequitable or futile." The Court will decline to permit amendment here as Plaintiff cannot state a violation of the Eighth Amendment by virtue of another inmate's "love letters;" any amendment therefore would be futile.

## IV.   CONCLUSION

For the foregoing reasons, the Court will dismiss the complaint. An appropriate Order follows.

s/Sylvia H. Rambo<br>
United States District Judge

Dated: April 20, 2021

---

[1] To the extent that Plaintiff alleges a state law claim for harassment, because all federal claims are dismissed from this action, the Court declines to exercise supplemental jurisdiction over any state law claims.